# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**DAVID LAWRENCE GRAHAM** and **LEE ANN K GRAHAM**,<br><br>Debtors. | Case No. **05-63640-7** |
| **RICHARD J SAMSON**,<br><br>Plaintiff.<br><br>-vs-<br><br>**DAVID LAWRENCE GRAHAM** and **LEE ANN K GRAHAM**,<br><br>Defendants. | Adv No. **07-00005** |

## MEMORANDUM OF DECISION

At Butte in said District this 5th day of April, 2007.

In this adversary proceeding the Plaintiff/Trustee Richard J. Samson filed on March 22, 2007, a motion for judgment on the pleadings as to jurisdiction, venue and whether this adversary

1

proceeding is a core or noncore proceeding, together with a memorandum of points and authorities, a request to apply F.R.B.P. 9011, and a notice granting the Defendants 10 days to respond and request a hearing in accordance with Mont. Local Bankruptcy Rule ("Mont. LBR") 9013-1(d). The Defendant[1] David Lawrence Graham, *in propria persona*, filed a response which did not set the Plaintiff's motion for hearing as provided under Mont. LBR 9013-1(e). The Court has reviewed Plaintiff's motion and Defendant's objection, and finds that the matters raised involve purely questions of law for which no hearing is necessary. For the reasons set forth below a separate Order will be entered overruling Defendant's objection, granting Plaintiff's motion in part with respect to jurisdiction and venue, and finding that this adversary proceeding is a core proceeding, but denying Plaintiff's request to apply Rule 9011(c)(1)(B), without prejudice.

The material facts are not in dispute and are taken from the parties' pleadings and the docket of Defendants' Chapter 7 bankruptcy Case No. 05-63640-7. Defendants David Lawrence Graham and Lee Ann K. Graham filed a voluntary Chapter 7 petition on October 2, 2005, with their Schedules and Statement of Financial Affairs both signed under penalty of perjury declaring that the information provided is true and correct. With the filing of Defendants' bankruptcy petition, original and exclusive jurisdiction of Defendants' Chapter 7 bankruptcy was granted to the district court pursuant to federal statute, 28 U.S.C. § 1334(a), and original but not exclusive jurisdiction of all civil proceedings arising under Title 11, U.S.C., or arising in or related to cases under Title 11, was similarly granted to the district court under 28 U.S.C. § 1334(b).

---

[1]Defendant Lee Ann K. Graham has not appeared in this adversary proceeding.

The petition lists Defendant David Lawrence Graham's[2] address as 559 Somers Rd., Somers, MT 59932, in Flathead County, Montana.  Venue of the Defendants' Chapter 7 case is also governed by federal statute, 28 U.S.C. § 1408(a)(1), as the district court for the district in which the "domicile, residence, ..., of the person or entity that is the subject of such case" has been located for the 180 days immediately preceding such commencement.  The United States District Court for the District of Montana, where venue of Defendants' Chapter 7 case is fixed pursuant to § 1408(a)(1), by Standing Order No. 12 (Revised), "hereby refers to the bankruptcy judges of this district all cases under Title 11 *or arising in or related to cases under Title 11*."  (Emphasis added).  Venue of this adversary proceeding, in addition to being referred to this Court by Standing Order No. 12 dated September 26, 1995, is further set by 28 U.S.C. 1409(a) in the district court in which such case is pending.  Pursuant to Mont. LBR 5001-2(c), the Chapter 7 case was assigned to the Missoula Division of this Court, where this Court set trial of this adversary proceeding to commence on August 17, 2007.

The meeting of creditors in Defendants' Chapter 7 case was held in Kalispell on November 7, 2005, and January 6, 2006, was fixed as the last day to initiate complaints to oppose discharge or seek exception from discharge.  A discharge of joint Debtors was entered on January 9, 2006.  The Trustee filed a no-asset report on September 10, 2006, and a final decree was entered on September 11, 2006, closing the case.

The Trustee filed a motion to reopen on December 7, 2006, contending that there were potential assets that were not disclosed by the Debtors at the time their Chapter 7 case was filed. The Trustee moved to extend the date to file a complaint under 11 U.S.C. § 727, which was

---

[2]The address of joint Debtor Lee Ann K. Graham is subject to a protective order.

3

granted by Order entered on December 15, 2006.  The Trustee then filed a complaint to revoke Defendants' discharge on January 22, 2007, including averments that this Court has jurisdiction of this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), and (O), that venue is proper in this District under 28 U.S.C. § 1408 and 28 U.S.C. § 1409, and setting forth three (3) claims for relief in three (3) Counts for revocation of discharge, each of which is based on § 727(d)(1) for obtaining discharge through fraud by intentionally omitting assets, requesting revocation of discharge and a money judgment for the value of the undisclosed assets.

Pro se Defendant David L. Graham filed an answer denying Plaintiff's averments that this Court has jurisdiction, that venue is proper, that this is a core proceeding, and otherwise denying all material averments of the complaint.  A pretrial conference was held at which the parties appeared, and the Court entered a Scheduling Order on March 14, 2007, setting pretrial deadlines and setting the trial date for August 17, 2007.  The Court informed the parties of the requirements and sanctions available under Fed. R. Bankr. P. 9011 by reading such rule to them at the conference, in pertinent part as to representations made to the Court and the sanctions available for violating said Rule.

Plaintiff filed his motion for judgment on the pleadings on March 22, 2007, seeking judgment that this Court has jurisdiction of this adversary proceeding, that venue is proper and that this is a core proceeding.  Plaintiff's motion further "calls the court's attention" to F.R.B.P. 9011(a) and (b) and contends Plaintiff's counsel had to spend time, effort and charge the client for responding to Defendants' denial of jurisdiction, venue and core proceeding averments, and states that the Court has the power to direct Defendant to show cause why his denials do not violate Rule 9011(b).

Defendant's objection argues that subject matter jurisdiction and venue are not proper in this Court because Plaintiff's complaint is an attempt to set aside the Defendants' marital dissolution case, which properly belongs in state court, and that it is non-core because it is based on claims made by "a mentally disable person arising in a divorce case" which was decided in state court. Defendant argues that he has not violated Rule 9011 but only responded to Plaintiff's pleadings.

Defendant's arguments regarding jurisdiction, venue and core proceedings misinterpret the averments of Plaintiff's complaint, which includes three counts seeking revocation of discharge for failure to disclose assets under § 727(d)(1), and a money judgment equal to the value of undisclosed assets. The complaint does not seek to overturn a final marital dissolution judgment in its prayers for relief. Jurisdiction and venue of Plaintiff's § 727(d)(1) claims for relief rest exclusively in this Bankruptcy Court under the above-specified federal statutes.

Core proceedings are enumerated at 28 U.S.C. § 157(b)(2), and include matters concerning administration of the estate, allowance or disallowance of claims against the estate or exemptions from property of the estate, orders to turn over property of the estate, objections to discharge, proceedings to avoid fraudulent conveyances, and other proceedings affecting the liquidation of assets of the estate or adjustment of the debtor-creditor relationship. Section 157(b)(2)(J) also lists as a core proceeding objections to discharge. While a proceeding for revocation of discharge is not specifically enumerated, § 157(b)(2) specifies: "Core proceedings, include, *but are not limited to* ...." (Emphasis added). The Plaintiff's complaint seeking revocation of Defendants' discharge is based upon § 727(b)(1) of Title 11, U.S.C., part of the U.S. Bankruptcy Code. This Court concludes that a proceeding for revocation of a discharge

5

obtained by fraud is a core proceeding under § 157(b)(2).

Defendant's objection argues that this Court lacks subject matter jurisdiction, and that venue is improper and the Plaintiff's complaint does not involve core proceedings because the "root" of the case is the dissolution proceeding of the Defendants' marriage. However, review of the complaint shows no apparent reference to the Defendants' marriage or dissolution. The Court notes that the Defendants' filed a joint voluntary Chapter 7 petition, and so all of their assets are subject to administration in the normal course of their bankruptcy whether their marriage was dissolved or not, and however the marital property was divided.

It is true that dissolution of the Defendants' marriage is a state law matter where federal courts have no general jurisdiction since it is in the field of domestic relations, *see*, *Ankenbrandt v. Richards*, 504 U.S. 689, 697-701, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), and in which state courts have special expertise and experience. *See Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). Traditionally, federal courts decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of husband and wife. *Ankenbrandt v. Richards*, 504 U.S. at 703, 112 S.Ct. at 2215.

However, after review of the complaint and the fact that the parties filed a joint voluntary bankruptcy petition, it is clear that this Court has jurisdiction of this adversary proceeding, and that state courts have no jurisdiction of the Plaintiff's complaint for revocation of Defendants' discharge obtained by fraud under § 727(d)(1). Jurisdiction of this adversary proceeding is a direct result of the filing by Defendants of their voluntary joint Chapter 7 petition under § 1334, and venue is properly in this Court pursuant to § 1409(a). Defendants cannot avoid the consequences of their bankruptcy filing on the basis of their marital dissolution when this Court's

6

jurisdiction was a direct consequence of their voluntary action, pursuant to federal law.

**Rule 9011.**

Plaintiff invites this Court, in the Court's own initiative under Rule 9011(c)(1)(B), to direct Defendant to show cause why his denials do not violate Rule 9011(b). Rule 9011, F.R.B.P., is the bankruptcy equivalent of Rule 11, Fed. R. Civ. P. This Court construed Rule 9011 in *In re Morrow*, 17 Mont. B.R. 183, 189-90 (Bankr. D. Mont. 1998), where the Court noted that courts interpreting Rule 9011 rely on cases involving Rule 11, citing *Wolf v. Kupetz*, 118 B.R. 761, 767 (Bankr. C.D. Cal. 1990). Rule 9011(b) provides that by presenting a signed paper an attorney or unrepresented party is certifying that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, is specifically so identified, are reasonably based on a lack of information or belief.

Upon finding a violation of Rule 9011 a court has wide latitude under Rule 9011(c)(2) in imposing sanctions, including monetary sanctions. *In re Wenk ("Wenk")*, 296 B.R. 719, 728 (Bankr. E.D. Va. 2002).

Pro se litigants must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Thus, Rule 9011 applies to the pro se Defendant in

7

the instant case. On the other hand courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). At this point in this adversary proceeding, the Court does not deem it appropriate or justified to conclude that Defendant has violated Rule 9011 in his averments that this Court lacks subject matter jurisdiction, or that venue is improper and that this adversary proceeding does not involve core proceedings. The Court notes that the Plaintiff requested the Court take up Rule 9011 sanctions on its own initiative, instead of the Plaintiff initiating Rule 9011 sanctions by motion under Rule 9011(c)(1)(A) including the "safe harbor" provision contained therein. In addition, Defendant's argument that the Court lacks subject matter jurisdiction, while ultimately unpersuasive, does raise questions of the family law exception to federal court jurisdiction. However, the issues of jurisdiction, venue and core proceedings having been determined, those same arguments included in Defendant's request to dismiss this adversary proceeding with prejudice and for reinstatement of discharge, which is presently pending a response, will be dealt with in the same manner as set forth in this Memorandum.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b).

2. Venue of this adversary proceeding is properly in this Court pursuant to 28 U.S.C. § 1409(a) and the district court's Standing Order No. 12, dated September 26, 1995.

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), and (O) seeking revocation of a discharge under 11 U.S.C. § 727(d)(1) for obtaining a discharge through fraud, and for judgment in the amount of the value of undisclosed assets.

**IT IS ORDERED** a separate Order will be entered in this adversary proceeding in

conformity with the above, overruling Defendant's objection and granting Plaintiff's motion for judgment on the pleadings in part, setting forth the preceding conclusions of law, and denying Plaintiff's request to impose sanctions under F.R.B.P. Rule 9011(c)(1)(B), without prejudice.

                BY THE COURT

                */s/ Ralph B. Kirscher*
                HON. RALPH B. KIRSCHER
                U.S. Bankruptcy Judge
                United States Bankruptcy Court
                District of Montana