UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**DAVID LAWRENCE GRAHAM** and **LEE ANN K GRAHAM**,<br><br>Debtors. | Case No. **05-63640-7** |
| **RICHARD J SAMSON**,<br><br>Plaintiff.<br>-vs-<br><br>**DAVID LAWRENCE GRAHAM**, **LEE ANN K GRAHAM**, and **ESTATE OF DAVID ANSON GRAHAM**,<br><br>Defendants. | Adv No. **07-00005** |

## MEMORANDUM OF DECISION

At Butte in said District this 24th day of January, 2008.

Trial of this adversary proceeding is scheduled to commence on February 8, 2008. On January 7, 2008, the Defendant David Lawrence Graham (hereinafter "DLG"), pro se, filed a first motion for partial summary judgment (Docket No. 101) and a second motion for partial summary judgment (Docket No. 102) in both this adversary proceeding and the main case[1]. Both motions include a supporting memorandum, and both supporting memoranda begin with a section entitled "Background Facts". Neither motion is accompanied by a separate "Statement of

---

[1] DLG insisted the Clerk file the motions in the main case, even though both motions clearly state in the caption that they are matters for the adversary proceeding. The filing of the motions in the main case was improper, and accomplished nothing since the issues have been joined for trial in the adversary proceeding.

1

Uncontroverted Facts". The Plaintiff/Trustee Richard J. Samson filed objections to both motions on January 15, 2008, (Docket Nos. 105 & 106) including separate "Statement of Genuine Issues of Fact" accompanying each objection and setting both motions for hearing on February 7, 2008. DLG filed a reply to the Trustee's first objection on January 22, 2008, asserting that the parties agree on the issues described in the uncontroverted facts section of DLG's motion. The Court does not agree, and for the reasons set forth below denies both DLG's first and second motion for partial summary judgment and vacates the hearings thereon set for February 7, 2008.

Summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)); *see also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-06 (9th Cir. 2000) (discussing burdens for withstanding summary judgment).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth

2

specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute").

This Court's Montana Local Bankruptcy Rule 7056-1(a) applies to summary judgment motions. Mont. LBR 7056-1(a)(1) provides:

> (1) Statement of Uncontroverted Facts. A separate, short, and concise "Statement of Uncontroverted Facts" must accompany every motion for summary judgment. Failure to submit this statement constitutes grounds for denial of the motion. The statement shall set forth separately each fact, in serial, not narrative form, and shall specify the specific portion of the record where the fact can be found (e.g. affidavit, deposition, etc.).

DLG failed to comply with the above-required Local Rule 7056-1(a)(1) because DLG did not file a separate Statement of Uncontroverted Facts with either motion for partial summary judgment. The "Background Facts" set forth in both of DLG's motions for summary judgment are not separate, and as described set forth general background facts rather than uncontroverted facts sufficient for purposes of Mont. LBR 7056-1(a)(1), F.R.B.P. 7056 and Rule 56(c).

Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). However, in the Ninth Circuit, pro se litigants are not excused from compliance with the rules. *Warrick v. Birdsell*, 278 B.R. 182, 187 (9th Cir. BAP 2002). Ignorance of court rules does not constitute excusable neglect, even if a litigant appears *pro se*. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (*quoting Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987)); *King v.*

*Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)("Pro se litigants must follow the same rules of procedure that govern other litigants.").

The Plaintiff's objections to DLG's motions for summary judgment both include separate sections entitled "Statement of Genuine Issues of Fact". The Trustee's objection to DLG's first motion states that a genuine issue of fact remains for trial regarding whether assets not disclosed in the original schedules were concealed by the Debtors and whether that was material. The Trustee's objection to DLG's second motion states that genuine issues of material fact remain for trial regarding the alleged transfers of property with intent to hinder, delay or defraud creditors. After review of DLG's motions and reply and the Plaintiff's objections, the Court concludes that DLG failed his heavy burden of proof under Rule 56(c) to show an absence of genuine issues of material fact, and therefore DLG is not entitled to partial summary judgment under either of his two motions.

**IT IS ORDERED** separate orders shall be entered in conformity with the above in this adversary proceeding and Case No. 05-63640-7, sustaining the Plaintiff's objections, denying David Lawrence Graham's first and second motions for partial summary judgment and vacating the hearings thereon set for February 7, 2008.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana